IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL VALDEZ # 3698079 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. DKC-14-1401 |
| TIMOTHY S. STEWART, WARDEN | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Pending is Petitioner's Motion to Alter or Amend and Request for Expedited Review (ECF No. 3) and Respondent's Motion to Dismiss for mootness (ECF No. 4). Petitioner was notified of an opportunity to respond to the Motion to Dismiss (ECF No. 5) but has failed to do so. No hearing is necessary to resolve the motions pending before the court. *See* Local Rule 105.6 (D. Md. 2014).

### Petitioner's Allegations

Petitioner Daniel Valdez is a prisoner confined in the Federal Correctional Institution (FCI) in Cumberland Maryland, for service of a sentence imposed by the United States District Court for the Southern District of Texas for conspiracy to possess with intent to distribute marijuana. (ECF No. 1 at pp. 1 – 2).[1] He asserts that while incarcerated he was improperly convicted of misconduct, resulting in the loss of 41 days of good time credit. (ECF No. 1-2). He seeks expunction of the incident report charging him with misconduct and restoration of his good time credit. *Id.*

---

[1] Pagination references ECF page numbers.

Respondent contends Valdez's claim has been rendered moot, because the incident report was expunged on June 2, 2014, and the 41 days of good conduct time has been restored. (ECF No. 4-1 at 1 and 4-2).

**Analysis**

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the litigation. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

A claim that is moot may nonetheless be considered by the court if it is "capable of repetition, yet evading review." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). This exception is limited. *See Incumaa v. Ozmint*, 507 F. 3d 281, 289 (1983). "In the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

The evidence presented in this case establishes that Valdez's sanctions have been lifted; the misconduct charge has been expunged and the good time credit has been restored. There is

no likelihood of repetition with regard to this incident, and no further remedy remains to be fashioned by this court.[2]  Accordingly, the Petition shall be dismissed as moot by separate Order which follows.


Date:   August 19, 2014                              /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[2] Given this outcome, Valdez's Motion to alter the time for Respondent to respond (ECF No. 3) shall be denied.